IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10211
Conference Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD LEE CARPENTER,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CV-656-A (4:92-CR-106-A)
- - - - - - - - - -
August 23, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Howard Lee Carpenter asserts that the Northern District of Texas lacked jurisdiction to impose sentence because the matter was improperly retransferred from the Middle District of Tennessee. The argument is frivolous. The superseding information, to which Carpenter pleaded guilty, specifically states that the alleged criminal conduct forming the basis of this matter occurred within the Northern District of Texas and elsewhere. Thus, jurisdiction, including venue, was proper in the Northern District of Texas. See United States v. Zabaneh,

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

837 F.2d 1249, 1256 (5th Cir. 1988); Fed. R. Crim. P. 18.

Carpenter also alleges that counsel was ineffective for failing to make the jurisdictional objection and for failing to object to the district court's reliance on the version of the Sentencing Guidelines in effect at the time of sentencing.

In order to demonstrate ineffectiveness of counsel, Carpenter must establish that counsel's performance fell below an objective standard of reasonable competence and that he was prejudiced by his counsel's deficient performance. Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993).

As discussed above, jurisdiction was proper. Thus, counsel was not deficient for failing to make a futile objection. See McCoy v. Lynaugh, 874 F.2d 954, 963 (5th Cir. 1989).

Carpenter's ineffective-assistance claim regarding sentencing fairs no better.

Carpenter's argument that the 1988 version of § 2F1.1(b)(1) differs substantially from the 1993 version of the same section, even if accurate, is irrelevant. His sentence was calculated under § 2S1.1, not § 2F1.1. Counsel had no basis upon which to predicate an objection regarding the district court's reliance on the 1993 version of § 2F1.1 of the guidelines and was therefore not deficient for failing to make a futile objection. See McCoy, 874 F.2d at 963.

The appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

APPEAL DISMISSED.